After the cause was heard, Chancellor MARSHALL delivered the decree of the court:
The question for the decision of the court in this case, is upon the construction of the following clause of the will of Daniel Heyward, senior, the testator, who inter alia devised as follows: I will to my sons Thomas and William in trust for the use of my daughter Elizabeth, during, her natural life, the following lands,'slaves, stock thereon and appurtenances thereunto belonging; and at her death, I give the land to the male heir of her body, lawfully begotten, when he shall attain to the age of 21 years ; and for want of such, to the eldest female that shall attain to that age, or her lawful issue, if she should have such, be? fore she attains that age; and the slaves, &c. to be divided between the heirs abovementioned ; and in case of no such heirs, then I give the land and slaves to my youngest child that shall attain to the age of 21 years, viz. my plantation or tract of land on Port Royal, containing 526 acres, &c. (Vide the will setting forth the property.)
If this question rested on the construction of the clause, as devising a legal estate in fee to complainants wife, Maria, (who was the youngest child that attained 21) there would be but one opinion on the subject. The words used by testator in such case would not be sufficient to convey the absolute estate in fee. But from a careful examination of the clause, and a comparison of it with other clauses in the will, we can not view it in any other light than as a trust estate, devised to Thomas and William in fee, *292 There are indeed no express words employed by testator format purpose, but this-court will supply words of intention, in cases of executory trust estate, where they are necessary to carry the intention of testator into effect. This trust is connected with and attached to the different limi-rations in the clause before us, and of course vests the fee ultimately in complainants wife, as the youngest child, that should (and who did) attain the age of 21 years.
The distinction between trusts arid legal estates is a strong and marked one. It is said there is not a point in which the books more clearly and accurately agree, than the distinction between a legal devise and a trust. They are rights arising solely out of the intent of the party who created them; and therefore such intent could be the only guide in the execution of them.
The trust estate in Thomas and William, is constituted in this way:
1st. The estate is given to them for the use of Elizabeth during her natural life, and at her death the land is given, to the male heir of her body, lawfully begotten, when she shall attain to the age of 21. Here the trust attaches. If Í1¡ were to cease after the death of Elizabeth, who would be entitled to the possession of the estate ? Not the executors, for they, are not at all contemplated. The trust must therefore b¿ continued in the trustees.
The clause then goes on, 2dly. “ And for want of such, to the eldest female, that shall attain to that age, or her lawful issue, if she should have such before she attains that age.” Here the same question arises, what is to become of the estate till the female issue, or her issue, attain 21 years, if the trust ceases ? This evinces the propriety of continuing the trust. If undoubtedly follows the limitation ; especially as the clause in the next line directs the slaves, &c. to be divided between the heirs above mentioned. Who were to divide them, in case these contingencies had happened ? Certainly the trustees were intended. It was made their duty. The executors had nothing to do with it. The concluding words of this clause are, and *293 in case of no such heirs, then I give the land and slaves to my youngest child that shall attain to the age of 21 years ; evidently annexing the trust to the disposition of the estate, throughout this whole clause.
The cases quoted by the counsel for defendant are strong, but they apply almost exclusively to devises of legal estates, and in cases of that description, they will apply with force, as being correctly decided.
It is to be admitted, that the general rules of property respecting legal and trust estates are the same; but the particular modes of construing the limitations of them may vary. The conformity between the rules of property in legal and trust estates, respects the allowed measure of the limitations, and not the mere construction of them, as Lord Hardwicke observed in the case of Bagshaw and Spencer. The limitations of trust estates cannot be carried to a greater length, or go further to a perpetuity, than the limitations of legal estates ; but it does not follow that the first may not be expounded more freely, with more regard to the intent, and with less adherence to the legal import of technical expressions than the latter.
The governing rule in the construction of wills, is the intention of testator. To support and aid this as much as possible, where it is not inconsistent with established rules, is certainly the duty of courts; and is the only true mode of expounding wills. This doctrine is universally maintained in the books, and the Lord Chancellor said in the case of Dobbins against Bowman, 3d. Atk. 340, there are no particular words required to pass the estate, but any words that shew the intention of the testator are sufficient, and the words in this will plainly manifest, that the testator intended that Clitheron and Dobbins should have the estate, upon the trusts of the will.
Is it possible to look attentively at this clause, and every other of the will (now under consideration) and not to say, but Daniel Heyward, the testator, intended to dispose of the absolute estate ? It is manifest he did so, because in all the other clauses of his will (wherein he has created *294 a trust) he has disposed of tbe estate therein devised in' case of failure of issue, but not in the clause before us. It cannot be supposed he intended only a life estate, because he was anxious to provide for his youngest child ; and in so cLoing, he could not intend that the issue of such child should be disinherited. His anxiety on this score is particularly apparent in the first clause of the will. He did not intend it should go to his heir at lav/, because, testator had amply provided for him in his life time, and has made no provision at all for him in his will; and lastly, it cannot be'deemed apart of the residue of his estate, it having been previously specifically devised and bequeathed to his daughter Elizabeth for life. The trustees in this view must be considered as taking a fee in the lands, in order to enable them to fulfil the intention of testator, respecting the several limitations contained in the clause under consideration. Upon the whole of this case, under the particular circumstances of it, and for the reasons stated, it is the opinion of the court that complainant’s wife is enti-tied to the absolute estate of the lands and slaves in question under the trust.
Parkee. for the complainant.
Desaussure and Ford for defendant.
It is therefore ordered and decreed, that defendant T. Heyward, the surviving trustee, do forthwith join with complainants in conveying to defendant Baynard,* the land in bill mentioned, under the direction of the master, pursuant to the agreement between him and the complainant Wm. Brailsford, as therein set forth, as defendant Thomas is a trustee under the will.
The costs must be paid by the complainant.

 Note. — The complainants had contracted with Mr. Eaynard to sell and convey to him, their interests in said real estate.